IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY A. BOLDRIDGE,

       Plaintiff,

vs.                              Case No. 05-4055-SAC

TYSON FOODS, INC.,

       Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

       This matter comes before the court on the motion of Defendant Tyson Foods, Inc. for a more definite statement (Doc. 3). Plaintiff has not filed any response to defendant's motion and the time to do so has now expired.[1] Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2] The court has reviewed plaintiff's Complaint and defendant's motion and is now prepared to rule.

       Federal Rule of Civil Procedure 8(a) requires the claimant to provide "a short and plain

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[2] D. Kan Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."[3]  "More specifically, the complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."[4]  While "plaintiff need not precisely state each element of [his] claims, plaintiff must plead minimal factual allegations on those material elements that must be proved."[5]  "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both the claim and the defense and to define more narrowly disputed facts and issues."[6]

Federal Rule of Civil Procedure 12(e) allows the court to grant a motion for a more definite statement where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  However, "such motions are generally not favored by the courts and are properly granted only when a party is unable to determine the issues he must respond to."[7]  The court, having reviewed plaintiff's Complaint and defendant's motion for a more definite statement, finds that plaintiff's claim under the Americans with Disabilities Act (ADA) fails to allege facts that demonstrate

---

[3] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[4] *Diebold v. Sprint/United Mgmt. Co.*, 2002 U.S. Dist. LEXIS 9703, at *12 (D. Kan. April 29, 2002) (quoting *Gallardo v. Bd. of County Comm'r*, 857 F. Supp. 783, 787 (D. Kan. 1994).

[5] *Id.* at *6.

[6] *Conley*, 355 U.S. at 47-48.

[7] *See Classic Communications, Inc., v. Rural Telephone Service Co., Inc.*, 956 F. Supp. 910, 923 (D. Kan. 1997), *see also Resolution Trust Corporation v. Thomas,* 837 F. Supp. 354, 356 (D. Kan. 1993).

fair notice. The court further finds that plaintiff's workers' compensation retaliation claim is so vague and ambiguous as to prevent defendant from determining the claim being made by plaintiff and the issue at stake, and is not sufficient to enable defendant to form a response.

In his Complaint, plaintiff alleges a violation of the ADA, predicated on the failure of defendant to hire him. To establish a claim under the ADA, "plaintiff must demonstrate that (1) he is disabled within the meaning of the ADA; (2) he is qualified, that is, with or without reasonable accommodation, he is able to perform the essential functions of the job; and (3) defendant discriminated against him because of his disability."[8] Plaintiff filed a form Complaint, which he supplemented with the handwritten words, "I have an 18% disability rating from a prior injury, however no restrictions due to my disability would have prevented me from working as an Industrial Maintenance Worker." Under the ADA, an individual is determined to have a disability if he: (A) [has] a physical or mental impairment that substantially limits one or more of [his] major life activities . . .; (B) [has] a record of such an impairment; or (C) [is] being regarded as having such an impairment."[9] Plaintiff's mention of an "18% disability rating from a prior injury" fails to identify whether he is disabled within the meaning of the ADA. Defendant also contends that plaintiff's Complaint is insufficient because it does not alleged facts concerning what information plaintiff provided to defendant about his alleged disability. Although plaintiff's Complaint does not provide factual allegations regarding what plaintiff disclosed to defendant about his alleged disability, "[d]etails as to what plaintiff has disclosed about [his] alleged disability . . .

---

[8] *Maxwell v. AmeriCold Logistics*, *L.L.C.*, 2000 U.S. Dist. LEXIS 1974, at *16 (D. Kan. Feb. 8, 2000).

[9] 42 U.S.C. § 12102(2).

do not constitute matters required for [his] pleading."[10]

Plaintiff also alleges a worker's compensation retaliation claim; however, he does not provide any factual basis to support this claim. To establish a worker's compensation retaliation claim, plaintiff must establish "(1) that he sustained an injury for which he might assert workers compensation benefits; (2) that the employer had knowledge or should have had knowledge that he sustained the injury; (3) that the employer terminated his employment; and (4) that a causal connection exists between the protected activity and the termination."[11] Although plaintiff is not required to establish these elements in the Complaint, plaintiff must allege some facts that support the elements of the claim. Because no facts have been provided in support of plaintiff's retaliation claim, the court finds that the Complaint does not meet the minimal requirements necessary to enable defendant to respond in the form of a denial or admission. Defendant is left to guess at the alleged conduct giving rise to the retaliation claim and when such action allegedly occurred. The Complaint is not merely lacking detail, but is lacking any indicia of the factual basis for plaintiff's claim, necessary to permit defendant to frame a response. For these reasons, the court finds good cause shown to grant defendant's unopposed motion for a more definite statement.

**IT IS ORDERED** that the defendant's Motion for More Definite Statement (Doc. 3) is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint on or before

---

[10] *Schmidt v. Shawnee Mission Sch. Dist.*, 1998 U.S. Dist. LEXIS 19803, at * 3 (D. Kan. Dec. 16, 1998).

[11] *Wells v. Wal-Mart Stores, Inc*., 219 F. Supp. 2d. 1197, 1202 (D. Kan. 2002).

**October 31, 2005,** setting forth his claims against defendant and alleging sufficient operative facts regarding his claims to provide defendant with fair notice as to what his claims are, and upon what ground they rest, such as to permit defendant to frame a responsive pleading.  If plaintiff fails to amend by **October 31, 2005,** plaintiff will be deemed to have abandoned these claims.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
