## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREGORY A. BOLDRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4055-SAC |
| ) | |
| TYSON FOODS, INC. ) | |
| ) | |
| Defendant. ) | |

## **PROTECTIVE ORDER**

Upon motion by defendant Tyson Foods, Inc. for entry of a protective order to ensure and maintain the confidentiality of certain personnel information and records regarding plaintiff and persons who are not parties to this action, including but not limited to standard personnel files, compensation information, disciplinary records, medical records, evaluation records and similar confidential records disclosed, or produced by defendant in response to pretrial discovery requests, and information and records used by the parties in these proceedings, and for good cause shown, it is hereby ORDERED:

1.  This Protective Order shall govern any document or other discovery material marked or otherwise designated as "Confidential" by counsel including any information or records from the personnel file of current or former employee of defendant, or from any other file that names or otherwise identifies any such current or former employee of defendant, which document or material is produced in response to any discovery requested or obtained by the parties in the above-captioned case.

2.  It is understood by the parties that all such Confidential documents, and the information contained in such documents, produced by the parties, are confidential.

3.  The inadvertent failure to designate a document "Confidential" does not constitute a waiver of such claim, and a party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order.

4.  All such Confidential documents, and the information contained in such documents, produced by the parties shall be treated as confidential and all persons covered by this Agreement, and

shall be used solely for the prosecution of this action. No such document, and no information contained in any such document, produced shall not be disclosed by plaintiff or anyone on plaintiff's behalf, in any manner whatsoever, except as provided herein.

     5.    Confidential Information may not be used or disclosed except as provided in this Protective Order. Confidential Information may only be copied, disclosed, disseminated, discussed, or inspected, in whole or in part, for purposes of this lawsuit and only by the following persons:

    (a)    the parties in this lawsuit;

    (b)    counsel representing any party in this lawsuit and counsel's employees;

    (c)    the author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed;

    (d)    deponents incident to their depositions in this lawsuit;

    (e)    witnesses in any hearing, trial, or other court proceeding in this lawsuit;

    (f)    experts and consultants, and their staff, retained by a party, or a party's counsel, to assist in the preparation and trial of this lawsuit;

    (g)    the Court and any persons employed by the Court working on this lawsuit;

    (h)    court reporters, including stenographers and video technicians; and

    (i)    any other person who the parties stipulate in writing may have access to Confidential Information.

     6.    Disclosure shall not be made of any such Confidential documents to any individual (except for counsel and support staff) unless and until the party or counsel for parties shall have first presented to such individual a copy of this Protective Order. All such persons shall be bound by the terms of this Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of this Protective Order.

     7.    Except as provided in paragraphs 8 and 9, for purposes of pleadings, briefs, or any other documents to be filed with the Court that contain Confidential documents, or information contained in such documents, the documents shall, upon the filing of a motion for leave to file under seal

pursuant to D. Kan. Rule 5.4.6 and the granting of that motion by the court,[1] be filed under seal with the clerk of the Court, or be subject to such further restrictions on its subsequent availability as the Court may direct.

8. The party producing the document may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to counsel for the requesting party.

9. If a party considers a document designated as Confidential not to be Confidential and desires the removal of such designation, counsel for that party shall discuss the matter with opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed.  If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

10. It is understood that no copies shall be made of Confidential documents produced by the parties, unless necessary in connection with this litigation.  It is further understood that upon completion of the litigation only one copy of any Confidential documents may be retained by opposing counsel and that the provisions of this Agreement shall remain in effect after the termination of this matter unless otherwise agreed by the parties in writing or pursuant to Court Order.

11. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protection Order, unless required by law or Court Order.

12. Entering into, agreeing to and/or producing or receiving documents designated "Confidential" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular document contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of the parties to object to the production of

---

[1] *See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

      documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular document or information deemed by any party to be "Confidential";

  (c)  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

  (d)  prejudice in any way the rights of a party to seek a determination by the Court whether any document should be subject to the terms of this Protective Order;

  (e)  prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

  (f)  prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document.

  13.  If a party receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, then that party shall, under authority of this Protective Order, decline to produce the Confidential Information, and shall within 7 days of receiving the subpoena or other document request give written notice to the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

  14.  The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

  **IT IS SO ORDERED.**

  Dated this 14th day of February, 2006, at Topeka, Kansas.

              s/K. Gary Sebelius
              K. Gary Sebelius
              U.S. Magistrate Judge