IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY A. BOLDRIDGE,

    Plaintiff,

vs.                                      Case No. 05-4055-SAC

TYSON FOODS, INC.

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion to reconsider the court's order dated March 20, 2007, which granted defendant's motion for summary judgment. Plaintiff's motion fails to cite to any federal or local rule and fails to provide any legal authority or analysis why this court should grant the motion for reconsideration. Instead, plaintiff reargues the summary judgment motion and submits evidence that, for reasons unstated, plaintiff failed to submit earlier.

Plaintiff's motion to reconsider is subject to D.Kan. Rule 7.3(a) and Fed. R. Civ. P. 59(e). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

A Rule 59(e) motion stands on limited grounds. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995) ."). A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs. *Servants of Paraclete v. Does*, 204 F.3d at 1012. Put another way, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997). Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

In his motion for reconsideration, plaintiff fails to allege any intervening change in the controlling law, any new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Nor has

plaintiff pleaded and proved justifiable grounds for relief under Rule 60. Denial of plaintiff's motion is warranted on this basis alone.

Nonetheless, the court briefly examines the substance of plaintiff's claims. Plaintiff's motion alleges that in determining whether defendant regarded plaintiff as disabled within the meaning of that term in the ADA, the court erred in finding the transcript of an administrative hearing inadmissible and in failing to consider evidence other than that transcript.

Each paragraph of plaintiff's brief which arguably addressed the issue whether defendant regarded plaintiff as disabled specifically referred to the evidence plaintiff believed supported his ADA argument. *See* Dk. 46, § B3, B4, B5, pp 24-28. Each such reference to the record was solely to a transcript of an administrative hearing, which the court found inadmissible. *Id.* Notwithstanding the manner in which he chose to present his case, plaintiff now alleges error because the court did not perform his task of applying the law to the facts, and did not comb the record which plaintiff did not rely on in making his ADA arguments.

The court found the transcript inadmissible because it was challenged by defendant, was not authenticated, was not adopted in depositions, was not within the documents stipulated to in the pretrial order, was uncertified, and failed to indicate that it was either sworn or made under penalty of perjury. Plaintiff's

3

sole claim of error is based upon new deposition testimony which was neither referenced in plaintiff's brief nor attached as an exhibit to that brief, as were other exhibits.[1] Only by scouring the record for deposition testimony not cited by either party could the court have discovered such evidence.

This new evidence shows that Mr. Brownrigg was under oath during a human rights commission hearing relating to this case. It fails, however, to note the date of that hearing or to identify it in a way which would make certain that it is the hearing whose transcript the court is asked to admit. The transcript remains uncertified, as well. Plaintiff additionally contends that Brownrigg, during his deposition, adopted the testimony he gave at the administrative hearing. No citation to the record supports this assertion, however, and this assertion is not justified by the record shown to this court.

Plaintiff additionally contends that the court should have considered other evidence of record, which plaintiff chose not to refer to or rely on in making his initial ADA arguments, namely, certain pages of Brownrigg's deposition

---

[1]Although plaintiff's original brief referred to five pages of Mr. Brownrigg's deposition, none of those pages were included in the record submitted by plaintiff.

testimony.[2]  Some of those pages were cited in plaintiff's factual statement, but most were not, and none was relied upon in plaintiff's discussion of his ADA claims.  This court declines this invitation to sift through the record to find support for plaintiff's arguments and to construct his arguments for him.

On a motion for summary judgment, the court will not marshal the evidence for a party.  *See Cuenca v. Univ. of Kan.*, 2004 WL 1328676, *1 (10th Cir. June 15, 2004).

> "...It is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without ... depending on the trial court to conduct its own search of the record." *Downes v. Beach*, 587 F.2d 469, 472 (10th Cir. 1978); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.").

*Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (affirming district court's failure to consider relevant evidence of record in light of party's failure to direct the district court's attention to it.)

Under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the

---

[2]In his original brief, plaintiff's facts cited only to pages 158- 159 and 204-206 of Brownrigg's deposition.  Dk. 46, p. 7.  Plaintiff did not mention, cite or allude to any of that testimony in his argument relating to disability discrimination.  In his motion to reconsider, plaintiff cites to the following new pages: 89, 148, 185-86, 230, 240, 242, 260-61.  *See* Dk. 50, p. 3-10.

record where evidence exists to support their positions. *See Caffree v. Lundahl*, 143 Fed. Appx. 102, 106, 2005 WL 1820044, \*3 (10th Cir. 2005). *See also SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1513-14 (10th Cir. 1990) (stating that not only will the court not sift through the record to find support for an argument, the court will not manufacture arguments for the party). "It is not this court's task to comb through Plaintiff's submissions in an effort to link alleged facts to his arguments or to construct Plaintiff's arguments for him." *Barcikowski v. Sun Microsystems, Inc.*, 420 F. Supp. 2d 1163, 1179 (D. Colo. 2006). "The court will not sift through the record in an attempt to locate or articulate arguments for plaintiff's counsel." *Saladin v. Packerware Corp.*, 2001 WL 476066, \*5(D. Kan. 2001). "It is the [party's] responsibility to tie the salient facts, supported by specific record citation, to [his] legal contentions.") *Schaede v. Boeing Co.*, 72 F.3d 138, 1995 WL 736464, at \*5 (10th Cir. Dec.13, 1995) (unpublished decision) (Citing *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995)). Accord, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). "The Court is not required to construct arguments for a party and is "wary of becoming [an] advocate [ ] who comb[s] the record of previously available evidence and make[s] a party's case for it." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998) (citations

omitted). "If the rule were otherwise, the workload of the district courts would be insurmountable and summary judgment would rarely be granted."(citations omitted).  *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000), citing *Adler*, 144 F.3d at 672.

As the Tenth Circuit has stated:

> No matter how often they are made to feel the part, our brothers and sisters on the district court bench should not be cast in the role of stage director of the litigation drama-forced to prod the actors through rehearsals until the proper performance is achieved.  To do so would not only consume an inordinate amount of time, but would result in courts abandoning their neutrality and becoming advocates in the adversarial process. We will not sanction such a transformation.

*Mitchell*, 218 F.3d at 1199.

**Dr. Baker's report**

Attached to plaintiff's motion to reconsider is an affidavit and report by Dr. Baker, seeking to cure evidentiary shortcomings noted in the court's order. The court found Dr. Baker's report inadmissible because it was unauthenticated.

Plaintiff has offered no explanation why he did not provide the requisite authentication sooner.  A party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court.  Similarly, counsel's failure to include supporting documents in a summary judgment response is not an

"excusable litigation mistake" under Rule 60(b), *see Wright v. Hickman*, 36 Fed. Appx. 395, 400, 2002 WL 1165925 (10th Cir. 2002), particularly given counsel's experience filing and litigating cases in this district, *see Satterlee v. Allen Press, Inc.*, 455 F. Supp. 2d 1236, 1245 (D. Kan. 2006). Accordingly, the Court finds that his affidavit comes too late. *See Russ v. International Paper Co.*, 943 F.2d 589 (5th Cir. 1991)(no abuse of discretion to deny motion to reconsider which sought to remedy proof on summary judgment since there was no claim that the affidavit was unavailable when it originally should have been presented). *See also Bernhardt By and Through Bernhardt v. Richardson-Merrell*, Inc., 892 F.2d 440 (5th Cir. 1990)(district court properly granted summary judgment by excluding an untimely-filed controverting affidavit).

However, even if the court were to consider Dr. Baker's untimely affidavit and report, the court's grant of summary judgment would nonetheless be proper because Dr. Baker's report is immaterial to the court's decision. It purports to show that plaintiff "was capable of performing the maintenance mechanic position," but the court did not reach the issue whether defendant was or was not qualified for the position since it found that plaintiff was not "disabled" within the meaning of that term in the ADA.

Secondly, had the issue been reached, Dr. Baker's report is

immaterial to the determination of whether plaintiff was qualified in 2003. It purports to show that plaintiff "was capable of performing the maintenance mechanic position." The report, however, is dated April 17, 2006, reflects an examination of plaintiff on April 12, 2006, alludes to a review of an unspecified "job description for B & K Mechanical position," expresses no knowledge of plaintiff's condition in 2003, but concludes that plaintiff "could quite satisfactorily function as a maintenance mechanic in the slaughter and processing area of Tyson Foods." Dk. 50, Exh. 3. Even assuming, *arguendo*, that Dr. Baker reviewed the correct job description for the position at issue in this case, his opinion that plaintiff was capable of performing the job in 2006 has not been shown to have any tendency to demonstrate whether plaintiff was capable of performing the job in the fall of 2003.

The court notes and denies defendant's request for attorney fees and costs related to its response to this motion.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Dk. 50) is denied.

Dated this 2nd day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge